Christopher E. Hawk, OSB No. 061635
Email: chawk@grsm.com
Direct Dial: (503) 227-8269
Thomas H. Castelli, OSB No. 226448
Email: tcastelli@grsm.com
Direct Dial: (503)382-3860
GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Tel: (503) 222-1075
Fax: (503) 616-3600
*Attorneys for Amberglen Development, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| FRANCISCO JAVIER GARCIA, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> AMBERGLEN DEVELOPMENT LLC <br><br> Defendants. | Case No. 3:23-cv-00400 <br><br> **DEFENDANT AMBERGLEN DEVELOPMENT LLC'S NOTICE OF REMOVAL** |

Defendant Amberglen Development, LLC ("Amberglen") hereby gives notice of the removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a) to the United States District Court for the District of Oregon. As grounds for removal, Amberglen states as follows:

///

///

///

///

NOTICE TO PLAINTIFF OF REMOVAL OF ACTION - Page 1
(3:23-cv-00400)

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

I.   **BASIS FOR REMOVAL**

Amberglen owns and operates a residential apartment complex known as The Arbory in Hillsboro, Washington County, Oregon. The Arbory has 276 units, featuring one, two, and three bedroom apartments.

Plaintiff Francisco Garcia filed his initial Complaint in Multnomah County Circuit Court on October 21, 2022. *See* Ex. 1, Complaint. He rented unit D-312 at the Arbory. *Id* at ¶ 1. Plaintiff alleged that he and other tenants are required to pay utility charges for sewer, storm water, trash, and gas every month. *Id*. at ¶ 4. The sole cause of action in the complaint was that Amberglen failed to disclosed, either in the lease or with a monthly utility bill, the manner in which the utility providers assess the charges for this service as required by ORS 90.315(4)(b)(B). *Id*. at ¶ 15. The Complaint sought to certify a class of all residents at the Arbory from October 21, 2021 until the present. *Id*. at ¶ 7. The initial Complaint sought only injunctive relief for Plaintiff's claims, asking the court to order Amberglen to "cease imposing utility charges without complying with ORS 90.315(4)." *Id*. at ¶ 15.

Plaintiff filed an Amended Complaint on February 16, 2023, for the first time asking for statutory damages for each member of the putative class. *See* Ex. 2, Amended Complaint ("AC") ¶ 16. Plaintiff served Amberglen with a copy of the Amended Complaint via email and U.S. Mail on February 16, 2023.

This Notice of Removal is timely because Defendant is filing it within 30 days from the date of service of the Amended Complaint, which alleged monetary damages for the first time. *See* 28 U.S.C. § 1446(b)(3). This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity and, based on the allegations in the Complaint, the amount in controversy is greater than $75,000.

///

///

///

NOTICE TO PLAINTIFF OF REMOVAL OF ACTION
- Page 2
(3:23-cv-00400)

GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone: (503) 222-1075
Facsimile:  (503) 616-3600

### A.     Diversity of Citizenship

The Amended Complaint alleges that Plaintiff lives in a rental residence located at 9183 NW Rocksprings St. D-312 in Hillsboro, Oregon. AC ¶¶ 1, 2. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Based on the allegations in the Amended Complaint, Plaintiff is citizen of the state of Oregon at the time he commenced this action and the time of removal.

Defendant Amberglen is a limited liability company organized under the laws of the State of Oregon. *See* Defendant's Corporate Disclosure Statement ("Disclosure") at ¶ 1.[1] Its principal place of business is located at 1745 Shea Center Drive, Ste. 200, Highlands Ranch, Colorado, 80129. *Id*. The citizenship of a limited liability company is the citizenship of all of its members. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Amberglen's sole member is WREP II/UDR Amberglen, L.P., a Delaware limited partnership with a principle place of business in Colorado. Disclosure, ¶ 2. WREP II/UDR Amberglen, L.P.'s limited partner is UDR, Inc., a Maryland corporation with its principle place of business in Colorado. *Id*. at ¶ 3. The general partner is WREP II/UDR Amberglen General Partner LLC, a Delaware LLC with its principle place of business in Colorado, whose sole member is also UDR, Inc. *Id*. at ¶¶ 4-5. Because UDR, Inc. is incorporated in Maryland and has its principal place of business in Colorado, Amberglen's states of citizenship are Maryland and Colorado.

Based on the foregoing, for the purposes of removal jurisdiction, Plaintiff is a citizen of Oregon. Amberglen is a citizen of Maryland and Colorado. Therefore, the parties are completely diverse. 28 U.S.C. § 1332(c)(1).

///

---

[1] Defendant's Corporate Disclosure Statement is filed contemporaneously with this Notice of Removal pursuant to Fed. R. Civ. P. 7.1 and LR 7.1-1. A. A sworn declaration as to Defendant's parent companies is available upon request.

NOTICE TO PLAINTIFF OF REMOVAL OF ACTION - Page 3 (3:23-cv-00400)

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone: (503) 222-1075
Facsimile:  (503) 616-3600

**B.     Amount in Controversy**

Plaintiff seeks damages arising out it claims for statutory damages under ORS 315(4). AC ¶ 16. Plaintiff alleges that Amberglen's failure to disclose in its written rental agreement or in monthly utility bills the method by which utility providers assess their charges. *Id*. at ¶ 5. The damages authorized by the statute is the greater of one month's rent or double the amount of wrongfully charged utility bills. ORS 315(4)(f). Plaintiff purports to bring these claims on behalf of a class of individuals that includes "[a]ll individuals who rent, or who have rented, a dwelling unit subject to ORS 90 owned or managed by Defendant and upon whom, at any time from October 21, 2021 or later, Defendant imposed a utility charge…." AC ¶ 7. Plaintiff also claims attorneys' fees under ORS 90.255. *Id*. at ¶ 19.

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 554; *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197–98 (9th Cir. 2015). A notice of removal need not contain evidentiary submissions. *Arias v. Residence Inn by Marriott*, No. 19-55803, 2019 WL 4148784, at *4 (9th Cir. Sept. 3, 2019). The amount-in-controversy alleged by a removing defendant "reflects the maximum recovery the plaintiff could reasonably recover" and "the jurisdictional threshold is not defeated merely because it is equally possible that damages might be less than the requisite amount." *Id*. at *5 (quotations omitted, emphasis in original).

Where a Plaintiff placed attorneys' fees into controversy "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Where some, but not all, of the plaintiffs' individual potential damages meet the jurisdictional amount, the Court may exercise jurisdiction over all plaintiffs whose claims

NOTICE TO PLAINTIFF OF REMOVAL OF ACTION
- Page 4
(3:23-cv-00400)

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone: (503) 222-1075
Facsimile:  (503) 616-3600

arise out of the case and controversy. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 566, (2005).

The Complaint does not supply a sum certain of what the Plaintiff claims is owed and lacks complete information to determine precisely Plaintiff's plans to calculate his damages. However, the amounts for Plaintiff, and any purported class member, may be reasonably estimated based on the allegations. Plaintiff claims he is entitled to statutory damages of at least one-month rent. AC ¶ 18; ORS 90.315(4)(f). Plaintiff alleges his rent is $1,583.00. He does not alleged any sum as damages.

Plaintiff also claims entitlement to attorneys' fees under ORS 90.255, which includes fees that may accrue throughout the life of the litigation. *See Fritsch*, 899 F.3d at 794. As explained in *Fritsch*, when a court assesses the amount in controversy at the time of removal, it must include "all relief to which a plaintiff is entitled if the action succeeds." *Id*. Where a claim is based on a statute that allows recovery of attorney fees if an action succeeds, future attorneys' fees are "at stake" in the litigation. *Id*. If, ultimately, Plaintiff is successful at trial and recovers damages, he could be awarded attorney's fees. These would include fees for discovery, briefing on class certification, briefing on dispositive motions, and trial. Discovery in this case could be particularly onerous as Plaintiff defines the class to include every tenant upon whom Amberglen imposed a utility charge from October 21, 2021; 276 units. At a minimum, discovery will include information on the identity the tenants for at least 276 leased units, as well as the rent and utility payments made for each. The number is probably higher as individuals come and go from the property during the class period. If the case proceeds through trial, Plaintiff could accrue a substantial amount in attorneys' fees if successful. The potential attorneys' fees, therefore, will put Plaintiff squarely over the jurisdictional threshold.

## II.    JURISDICTION AND VENUE

As stated above, jurisdiction is proper based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Venue is proper pursuant to 28 U.S.C. §§ 128(b) and 1441(a) because

NOTICE TO PLAINTIFF OF REMOVAL OF ACTION - Page 5
(3:23-cv-00400)

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone: (503) 222-1075
Facsimile:  (503) 616-3600

Multnomah County Circuit Court is located within this district. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff and a copy is being filed with the Clerk of Court for Multnomah County, the county in which the state action is pending.

## III.    ATTACHMENTS

All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a). All such documents are fully incorporated by reference as if fully set forth herein.

## IV.    CONCLUSION

For all the foregoing reasons, Amberglen hereby removes this action from the Multnomah County Circuit Court to this Court.

Dated: March 20, 2023

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/Thomas H. Castelli*
Christopher E. Hawk, OSB No. 061635
chawk@grsm.com
Thomas H. Castelli, OSB No. 226448
tcastelli@grsm.com
*Attorney for Defendant Amberglen Development, LLC*

1292230/75181954v.1

NOTICE TO PLAINTIFF OF REMOVAL OF ACTION - Page 6
(3:23-cv-00400)

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone: (503) 222-1075
Facsimile:  (503) 616-3600